NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0817n.06

Nos. 12-4089, 12-4111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| TREE OF LIFE CHRISTIAN SCHOOLS, | ) | **FILED** |
|  | ) | Sep 06, 2013 |
| Plaintiff-Appellant / Cross-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| CITY OF UPPER ARLINGTON, | ) | THE SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendants-Appellee / Cross-Appellant. | ) |  |
|  | ) |  |
|  | ) | OPINION |

Before:  ROGERS and DONALD, Circuit Judges; ANDERSON, District Judge.[*]

**Bernice B. Donald, Circuit Judge.**  Tree of Life Christian Schools ("Tree of Life" or "the School") purchased property in the landlocked suburb of Upper Arlington (or "the City"), intending to open a private Christian school that would consolidate its existing less-than-ideal campuses.  The property is located in the City's Office and Research or "ORC" zoning district, in which neither

---

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

churches nor schools are allowed as of right.[1]  City of Upper Arlington, Unified Development Ordinance ("UDO"), Pt. 11, § 5.03(A)(6) and Table 5-C.

After Tree of Life unsuccessfully sought a conditional use permit and unsuccessfully appealed to both the Board of Zoning and Planning ("BZAP") and the City Council, it filed a complaint in the district court alleging religious-based discrimination.  Specifically, it filed four claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"): facial and as-applied "equal terms" claims alleging that the City's land use ordinance violates 42 U.S.C. § 2000cc(b)(1) by treating the School on less than equal terms with nonreligious assemblies or institutions, and facial and as-applied "substantial burden" claims alleging that the ordinance violates 42 U.S.C. § 2000cc(a)(1) by imposing a substantial burden on its religious exercise without a compelling government interest.  Tree of Life also brought six constitutional claims alleging violations of the rights to free exercise, due process, equal protection, free speech, peaceable assembly; and a violation of the Establishment Clause; as well as a claim under the Ohio Constitution.

---

[1]Upper Arlington uses what is known as "non-cumulative" zoning, in which only building use categories that are designated as permissive uses are allowed as of right, and all other uses are either expressly listed as "conditional uses," requiring a special permit, or are prohibited entirely. *See* UDO, Pt. 11, §§ 4.05(F), 5.01(B)(2); *see also* Land Use Planning and Development Regulation Law § 4.3 (3d ed. 2012).  Churches or places of worship are listed as conditional uses in the ORC District.  UDO, Pt. 11, Table 5-C.

The district court granted summary judgment to the City on all claims on grounds that the claims were not ripe because Tree of Life did not seek a zoning amendment. Tree of Life appeals this order arguing that the claims are all ripe because the zoning ordinance was finally applied to it when BZAP and the City Council made a final determination that a private Christian School is a non-permitted use under the ordinance. The City responds that the claims are not ripe because the results of an attempted zoning amendment are uncertain because it is a legislative process. Tree of Life also argues that insofar as its RLUIPA equal terms claim can be characterized as a facial claim, such challenges are not subject to the normal requirements of ripeness doctrine.[2]

In *Miles Christi Religious Order v. Township of Northville*, we held that a claim challenging a zoning ordinance is not ripe until the "relevant administrative agency [has] resolve[d] the appropriate application of the zoning ordinance to the property in dispute" or when the "claimant '[has] obtain[ed] a final decision regarding the application of the zoning ordinance[s] . . . to its property.'" 629 F.3d 533, 537 (6th Cir. 2010) (quoting *Williamson Cnty. Reg.l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985)). There, the claim at issue was not ripe because the plaintiff did not seek a variance from the zoning board, and thus the zoning board had not reached

---

[2]The Appellant spent much effort during oral arguments arguing that the very nature of a RLUIPA equal terms claim makes it a facial claim, but simultaneously arguing that the error alleged occurred in an as-applied fashion when Tree of Life itself was denied a permit. The Appellant eventually asked us to reverse "even if" we construe this to be an as-applied claim. As the complaint itself brought both kinds of claims, we decline to construe them as one or the other. Insofar as Tree of Life alleges a facial claim, however, we have doubts as to its validity because the face of the statute appears to be neutral as to non-Church religious uses. We leave this issue to the district court.

a final decision regarding the property. *Id*. at 538. We decline to consider whether the holding in *Miles Christi* covers situations where the plaintiff did not seek a zoning amendment because new information has come to light.

Tree of Life has filed a motion to supplement the record to include minutes from recent City Council proceedings in Upper Arlington. While this case was pending, Tree of Life indeed sought a zoning amendment, which the City Council voted to deny. Based on this change of circumstances, the present arguments before this panel are no longer sufficient. We remand to the district court to determine in the first instance whether the claims are ripe.

Tree of Life also argues the district court ruled on the merits of the RLUIPA equal terms claim and asks us to consider the merits as well. The district court order granting summary judgment to the City on ripeness grounds included language suggesting that the City's new ordinance removing daycare centers as permitted uses in the ORC District might undermine the plaintiff's RLUIPA equal terms claim because the UDO applies equally to "any other [use] not permitted." This language is dicta, and it does not include an analysis of whether Tree of Life is treated "on less than equal terms with a nonreligious assembly or institution," 42 U.S.C. § 2000cc(b)(1), or of any other claim on the merits. We do not construe this language as a separate holding. If on remand, the district court determines that this case is ripe, we leave it to the district court to rule on the merits of each claim in the first instance.

Finally, the City "cross-appeals," asking the court to reverse the district court's denial of the City's summary judgment motion on the merits, but arguing that we do not have jurisdiction under the final judgment rule to consider this cross-appeal or parts of the primary appeal. The City fundamentally misunderstands the final judgment rule. "The [final judgment] rule is that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at *any stage of the litigation* may be ventilated." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)(internal quotations omitted) (emphasis added). Nevertheless, we dismiss the cross-appeal because we generally have "no appellate jurisdiction when the appellant does not seek a change in the relief ordered by the judgment appealed from" because we do not issue advisory opinions. *Wheeler v. City of Lansing*, 660 F.3d 931, 939-40 (6th Cir. 2011). These issues are best left to the district court.

For the reasons explained above, as to Tree of Life's appeal, we GRANT the motion to supplement the record and REVERSE and REMAND to the district court on the issue of ripeness in light of new information. We DISMISS the City's cross-appeal.